**UNITED STATES of America,**
**Appellee,**

v.

**Daniel MARTINEZ–MONTILLA, Jose Brito, a/k/a "Tony", Defendants,**

**Julio Gerbacio–Linch, Defendant–Appellant.**

**Docket No. 02–1664.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

John Burke, Brooklyn, NY, for Appellant.

Edward C. O'Callaghan, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, on the brief; John M. McEnany, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present: CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Julio Gerbacio–Linch appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Batts, J.), following a jury trial finding Gerbacio–Linch guilty of conspiracy to distribute ecstasy in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846. Defendant was sentenced to 114 months' imprisonment, three years' supervised release, and a $100 mandatory special assessment. For the reasons that follow, we AFFIRM.

■ Defendant challenges the district court's denial of his motion for a mistrial because of the government's failure to disclose prior to trial the fact that a recording of defendant's voice had been made and erased. Defendant argues that the government's failure to disclose this evidence,[1] and the court's denial of a mistrial and a subsequent curative jury instruction compromised his Fifth Amendment right against self-incrimination, and Sixth Amendment right to confront the witnesses against him by allowing incriminating evidence that contradicted his opening statement[2] to be presented to the jury, thereby compelling him to take the stand in his own defense. We disagree.

The government's failure to disclose before trial that it had erased a tape recording of the defendant's voice did not warrant mistrial. Even assuming (without deciding) that the government's obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), required pretrial disclosure of the

fact, the failure to do so caused no prejudice. It did not cause the defendant's attorney to say anything erroneous in his opening statement. The statement he made—that "there are no tapes with him negotiating any drug deals"—was true. Furthermore, to the extent that the government's destruction of a tape, which arguably might have shown that the defendant was *not* a participant in the drug deal, could be used to impeach the case against him, his attorney learned that fact in time to use it effectively, and did so. We can discern no prejudice to the defendant resulting from the fact that he learned during trial, rather than before trial, of the destruction of the tape.

Moreover, the court's denial of a mistrial did not compromise defendant's rights under the Fifth and Sixth Amendments. Defendant was given an opportunity to confront opposing witnesses, as required under the Sixth Amendment and he does not explain how his cross-examination of the government's witnesses was prejudiced by his unawareness of the tape recording. To the extent defendant argues that he was compelled to testify in his own defense because his opening statement had been undermined by Frias' testimony, such a claim is without merit. Defendant's decision to testify in his own defense was completely voluntary; the fact that he felt obliged to testify in response to Frias' testimony does not constitute compulsion for purposes of the Fifth Amendment. *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998). Accordingly, defendant's claims fail.

■ Defendant also argues that the district court improperly limited his cross-

---

1. We note that defendant complains only of the government's failure to disclose the fact that his voice had been tape-recorded. He does not complain of the failure to preserve the recording itself.

2. In his opening statement, Gerbacio–Linch's attorney stated "There's a tape that's played. His voice isn't on it. There are no tapes with him negotiating any drug deals." Tr. at 30.

examination of government witness, Romulo Frias, regarding co-defendant Daniel Martinez–Montilla's possession of a firearm. Defendant contends that the court's action prevented him from establishing that Frias and co-defendant Daniel Martinez–Montilla knew each other from prior drug dealing activity, thereby depriving defendant of his Sixth Amendment right to confront opposing witnesses and present a defense. The district court's only reason for restricting the examination was because it went beyond the scope of the direct examination of Frias and was therefore not proper cross-examination. The defendant was free to recall Frias on the defense case to ask him those questions. He did not do so. He was in no meaningful way restricted by the court's ruling.

■ Finally, defendant argues that the government breached its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose, in advance of trial, that Martinez–Montilla would testify that Gerbacio–Linch did not know of the cache of drugs hidden in the car at the time of the arrest. Martinez–Montilla's statement, defendant contends, was exculpatory in nature, and could have been used to impeach the government's witnesses. To prevail on a *Brady* claim, defendant must demonstrate that: "(1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *In re United States (Coppa)*, 267 F.3d 132, 140 (2d Cir.2001). Defendant has failed to make such a showing. As the district court found at trial, because Martinez–Montilla's initial post-arrest statement to the government was simply that he did not know how much Gerbacio–Linch knew about the operation, advance disclosure was not possible because the government did not have any

more notice of the witness's trial testimony than did defendant. Tr. at 300–10. Accordingly, the government did not willfully or inadvertently suppress evidence, as required to prevail under *Brady*. Moreover, the fact that Martinez–Montilla's statement was not available for disclosure in advance of trial did not unduly prejudice defendant. Where, as here, there was ample evidence with which to attack a witness's credibility, "evidence that would provide an additional basis for doing so is ordinarily deemed cumulative and hence immaterial." *United States v. Orena*, 145 F.3d 551, 559 (2d Cir.1998).

For these reasons, the judgment of the district court is AFFIRMED.